IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEARS, ROEBUCK AND CO. ) | |
| ) | JURY TRIAL REQUESTED |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| FRIENDLY'S INTERNATIONAL, INC., ) | |
| FRIENDLY'S RESTAURANTS FRANCHISE, ) | |
| LLC, FRIENDLY ICE CREAM CORPORATION, ) | |
| FRIENDLY'S REALTY I, LLC, ) | |
| FRIENDLY'S REALTY II, LLC, ) | |
| FRIENDLY'S REALTY III, LLC, ) | |
| O ICE, LLC, SPRINGFIELD WATER AND ) | |
| SEWER COMMISSION, JOHN DOES #1-25, ) | |
| AND JOHN DOES #26-50, ) | |
| ) | |
| Defendant. ) | MAY 19, 2011 |

## COMPLAINT

NOW COMES the plaintiff, Sears, Roebuck and Co., by and through its attorneys, Robinson & Cole, LLP, and for its Complaint against Friendly's International, Inc., Friendly's Restaurants Franchise, LLC, Friendly Ice Cream Corporation, Friendly's Realty I, LLC, Friendly's Realty II, LLC, Friendly's Realty III, LLC, O Ice, LLC, collectively d/b/a Friendly's (collectively "Friendly's"), the Springfield Water and Sewer Commission, John Does #1-25, and John Does #26-50 hereby alleges and states as follows:

### Parties

1. At all times relevant hereto, the plaintiff, Sears, Roebuck and Co. ("Sears"), was and is a corporation organized under the laws of the State of New York having its principal place

of business in Hoffman Estates, Illinois, and was and is engaged in the business of operating a retail store selling household and consumer goods at 1585 Boston Road, Springfield, MA.

2. At all times relevant hereto, defendant Friendly's International, Inc. was and is a corporation organized under the laws of the State of Delaware, having its principal place of business in Wilbraham, Massachusetts, and was and is engaged in the business of operating restaurant establishments. At all times relevant hereto, defendants Friendly's Restaurants Franchise, LLC, Friendly's Realty I, LLC, Friendly's Realty II, LLC, Friendly's Realty III, LLC (collectively "Friendly's"), were and are companies organized under the laws of the State of Delaware, having their principal place of business in Wilbraham, Massachusetts, and were and are engaged in the business of operating restaurant establishments. At all times relevant hereto, defendant Friendly Ice Cream Corporation was and is a corporation organized under the laws of the Commonwealth of Massachusetts, having its principal place of business in Wilbraham, Massachusetts, and was and is engaged in the business of operating restaurant establishments and manufacturing ice cream for sale. At all times relevant hereto, defendant O Ice, LLC was and is a company organized under the laws of the State of Delaware, having its principal place of business in Escondido, California, and owns the Friendly's ice cream manufacturing facility.

3. At all times relevant hereto, defendant Springfield Water and Sewer Commission ("SWSC"), was and is an independent body, established by the City of Springfield, Massachusetts, to operate and maintain the water and sewer systems that serve the City of Springfield and surrounding locations, including the Friendly's store located at 1855 Boston Road, Wilbraham, Massachusetts.

4. Upon information and belief, at all times relevant hereto, defendants John Doe #1-25 are individuals or corporations located in the Commonwealth of Massachusetts responsible

for the installation, operation, inspection, and maintenance for the Springfield Sewer and Water system.

5. Upon information and belief, at all times relevant hereto, defendants John Doe #26-50 are individuals or corporations located in the Commonwealth of Massachusetts responsible for the disposal of oil or grease into the Springfield Sewer and Water system.

## Jurisdiction

6. At all times relevant hereto, Friendly's was authorized to do business and/or did business in the Commonwealth of Massachusetts, transacted business in this Commonwealth, and otherwise did or performed acts within or without this Commonwealth which subjected it to the jurisdiction of this Court.

7. At all times relevant hereto, SWSC was authorized to do business and/or did business in the Commonwealth of Massachusetts, transacted business in this Commonwealth, and otherwise did or performed acts within or without this Commonwealth which subjected it to the jurisdiction of this Court.

8. At all times relevant hereto, defendants John Doe #1-25 and John Doe #26-50 were authorized to do business and/or did business in the Commonwealth of Massachusetts, transacted business in this Commonwealth, and otherwise did or performed acts within or without this Commonwealth which subjected them to the jurisdiction of this Court.

9. The matter in controversy is between diverse parties and exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars and No Cents ($75,000.00) in value and, therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 *et seq.*

## General Allegations

10. Prior to May 20, 2008, defendant Friendly's operated an administrative and manufacturing facility at 1855 Boston Road, Wilbraham, Massachusetts, which serviced its restaurant establishments at various locations, including its restaurant located at 1811 or 1809 Boston Road, Springfield, MA.

11. As a natural and probable consequence of defendant Friendly's manufacturing operation, an excessive amount of varying types of fats, oils, greases, and similar substances ("oils and grease") were produced on a regular basis.

12. At all times relevant hereto, the SWSC promulgated and implemented various Rules and Regulations designed to control how and under what circumstances waste oils and greases may be disposed of into the public sewers.

13. Upon information and belief, prior to May 20, 2008, defendant Friendly's, its agents, servants, or employees, disposed of waste oils and grease produced through Friendly's facility operations by discharging said waste oils and grease into the public sewer system.

14. Upon information and belief, prior to May 20, 2008, defendant Friendly's, its agents, servants, or employees, failed to observe SWSC's Rules and Regulations concerning the disposal of waste oils and grease, including, but not limited to, Sections 1.5.4, 1.5.6, 1.6.1.

15. Upon information and belief, prior to May 20, 2008, defendant Friendly's improper waste oil and grease disposal created a blockage in a nearby sewer line.

16. Upon information and belief, prior to May 20, 2008, defendants John Doe #26-50, their agents, servants, or employees, disposed of waste oils and grease by discharging said waste oils and grease into the public sewer system.

17. Upon information and belief, prior to May 20, 2008, defendants John Doe #26-50, their agents, servants, or employees, failed to observe SWSC's Rules and Regulations concerning the disposal of waste oils and grease, including, but not limited to, Sections 1.5.4, 1.5.6, 1.6.1.

18. Upon information and belief, prior to May 20, 2008, defendants John Doe #26-50's improper waste oil and grease disposal created a blockage in a nearby sewer line.

19. Upon information and belief, prior to May 20, 2008, defendants John Doe #1-25 were responsible for the installation, operation, inspection, and maintenance for the Springfield Sewer and Water system.

20. On May 20, 2008, SWSC received reports of standing water at or on a manhole near a facility owned and operated by the Plaintiff at 1585 Boston Road, Springfield, Massachusetts, as well as reports of a distinctive odor normally associated with sewage.

21. On May 20, 2008, upon information and belief, SWSC determined that the nearby sewer line was clogged with oil and grease, causing the sewer system to back-up.

22. Upon information and belief, SWSC agents, servants, or employees, attempted to clear the sewer pipe using water-jetting equipment designed to alleviate blockages through application of a high-powered, focused beam of water.

23. Upon information and belief, SWSC agents, servants, or employees failed to remove the oil and grease blockage in the aforementioned sewer line.

24. Upon information and belief, SWSC agents, servants, or employees failed to ensure that the sewer line at or near the blockage site was free and clear of blockages or waste oil and grease before leaving the scene.

25. Upon information and belief, the water and material in the sewer system continued to back-up until May 20, 2008, when a large amount of raw sewage was released into the basement of Plaintiff's facility.

26. The introduction of said raw sewage into Plaintiff's facility caused significant damage to Sears' building and inventory, and required substantial cleanup, as well as loss of profits, loss of use of portions of the store, and other costs and expenditures.

27. On June 24, 2008 and May 14, 2010, in compliance with *Mass. Gen. Laws ch.*258, § 4, Plaintiff submitted this claim, in writing, to Joseph J. Superneau, the Executive Director of the SWSC.

28. Plaintiff received a denial of the first submission. Upon information and belief, Plaintiff has received no response to the May 14, 2010 submission.

29. The aforementioned raw sewage release and subsequent damage to Plaintiff was a direct and proximate consequence of both defendant Friendly's and defendant SWSC's actions or inactions.

30. As a result of defendant Friendly's improper disposal of waste oil and grease and defendant SWSC's negligent efforts surrounding the removal of the oil and grease blockage in the sewer line, both defendants are jointly and severally liable for the losses suffered by the Plaintiff.

### Count One – Against Defendant Friendly's
(Negligence)

1-30. Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count One as if fully set forth herein.

31. At all times relevant hereto, defendant Friendly's owed a duty to Plaintiff to act reasonably and prudently, and to use reasonable care, in the disposal of its waste oils and grease.

32.  Defendant Friendly's breached that duty to act reasonably when it:

   a) failed to properly instruct its agents, servants, and employees regarding the correct method of waste oil and grease disposal;

   b) failed to properly oversee its agents, servants, and employees in their disposal of waste oil and grease;

   c) disposed of waste oil and grease from its facility in a manner inconsistent with the Rules and Regulations of the SWSC;

   d) disposed of waste oil and grease from its facility in a manner that resulted in the blockage of a main sewer line;

   e) failed to properly monitor the disposal of grease;

   f) failed to install equipment and systems to reduce the amount of grease entering its sewer;

   g) caused an overflow and release from a sanitary sewer system in violation of the Clean Water Act; and

   h) other acts and omissions not yet known.

33.  The aforementioned failure of defendant Friendly's to act reasonably in properly and safely disposing of its waste oil and grease directly and proximately caused a large amount of raw sewage to back-up into Plaintiff's store.

34.  The aforementioned back-up of raw sewage significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Two – Against Defendant Friendly's
### (Private Nuisance)

1-30.  Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Two as if fully set forth herein.

31.  Defendant Friendly's created, permitted, and maintained an activity where it, its agents, servants, or employees negligently disposed of waste oil and grease into the public sewer system.

32. The aforementioned activity substantially and unreasonably interfered with Plaintiff's use and enjoyment of their property.

33. The aforementioned interference significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Three – Against Defendant Friendly's
(Trespass)

1-30. Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Three as if fully set forth herein.

31-32. Paragraphs 31 through 32 of Count One are hereby incorporated as Paragraphs 31 through 32 of Count Three as if fully set forth herein.

33. Plaintiff had actual possession of the property located at 1585 Boston Road, Springfield, Massachusetts.

34. Friendly's aforementioned negligence caused the entry of raw sewage water onto Plaintiff's property.

35. Defendant Friendly's entry on the property located at 1585 Boston Road, Springfield, Massachusetts was intentional and illegal.

36. The aforementioned back-up of raw sewage significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Four – Against Defendant SWSC
(Negligence)

1-30. Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Four as if fully set forth herein.

31. Defendant SWSC and SWSC's agents, servants, and employees owed a duty to Plaintiff to act reasonably and prudently, and to use reasonable care in investigating and attempting to clear the blocked sewer line on May 20, 2008.

32. Defendant SWSC, its agents, servants, and employees breached its duty to act reasonably when it:

> a) used water jetting equipment to attempt to clear the aforementioned oil and grease blockage instead of a more effective blockage-clearing equipment;
>
> b) failed to adequately train SWSC's agent, servants, or employees on the proper techniques necessary to successfully remove an oil and grease blockage from a sewer line;
>
> c) improperly used water-jetting equipment and undermined the strength of the sewer pipe;
>
> d) failed to remove the oil and grease blockage;
>
> e) failed to collect and retain debris that might have been dislodged by the water-jetting process;
>
> f) failed to investigate or confirm that the sewer line downstream was free and clear of blockages;
>
> g) failed to inspect surrounding manholes to determine if the level of the backed-up water continued to rise;
>
> h) failed to remain at the site of the blockage to observe if the blockage was cleared;
>
> i) caused an overflow and release from a sanitary sewer system in violation of the Clean Water Act; and
>
> j) other acts and omissions not yet known.

33. The aforementioned failure of defendant to act reasonably in the investigation and attempted clearing of the sewer line directly and proximately caused a large amount of raw sewage to back-up into Plaintiff's store.

34.     The aforementioned back-up of raw sewage significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Five – Against Defendant SWSC
### (Private Nuisance)

1-30.   Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Five as if fully set forth herein.

31.     Defendant SWSC created, permitted, and maintained an activity where it, its agents, servants, or employees attempted and failed to clear the blocked sewer line.

32.     The aforementioned activity substantially and unreasonably interfered with Plaintiff's use and enjoyment of its property.

33.     The aforementioned interference significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Six – Against Defendant SWSC
### (Trespass)

1-30.   Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Six as if fully set forth herein.

31-32.  Paragraphs 31 through 32 of Count Four are hereby incorporated as Paragraphs 31 through 32 of Count Six as if fully set forth herein.

33.     Plaintiff had actual possession of the property located at 1585 Boston Road, Springfield, Massachusetts.

34.     SWSC's aforementioned negligence caused the entry of raw sewage water onto Plaintiff's property.

35.     Defendant SWSC's entry on the property located at 1585 Boston Road, Springfield, Massachusetts was intentional and illegal.

36.     The aforementioned back-up of raw sewage significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Seven – Against Defendant SWSC
(Breach of Contract)

1-30.   Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Seven as if fully set forth herein.

31.     Section 2.4.1 of SWSC's Rules and Regulations provides that "All Users, . . . , shall be assessed and pay charges for service..."

32.     Section 2.4.2(1)(a) of SWSC's Rules and Regulations provides that:

Sewer use fees shall consist of a rate per hundred cubic feet of normal strength Wastewater used, a surcharge for Wastewater of a higher concentration than is allowed under the rate for normal strength Wastewater and a service charge, as set forth in Section 2.5.3 of these Rules and Regulations. The charges set forth in Paragraph 2 of this Section apply to all classes of Users.

33.     The payment of money in exchange for waste disposal is a contract for services between Sears and SWSC.

34.     Sears performed all of its duties under the contract.

35.     SWSC breached the contract for services when it:

    a)  used water jetting equipment to attempt to clear the aforementioned oil and grease blockage instead of a more effective blockage-clearing equipment;

    b)  failed to adequately train SWSC's agent, servants, or employees on the proper techniques necessary to successfully remove an oil and grease blockage from a sewer line;

    c)  improperly used water-jetting equipment and undermined the strength of the sewer pipe;

    d)  failed to remove the oil and grease blockage;

    e)  failed to collect and retain debris that might have been dislodged by the water-jetting process;

 f) failed to investigate or confirm that the sewer line downstream was free and clear of blockages;

 g) failed to inspect surrounding man-holes to determine if the level of the backed-up water continued to rise;

 h) failed to remain at the site of the blockage to observe if the blockage was cleared; and

 i) caused an overflow and release from a sanitary sewer system in violation of the Clean Water Act.

36. As a result of SWSC's breach, the aforementioned back-up of raw sewage significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Eight – Against Defendant SWSC
### (Breach of Implied Warranty)

1-30. Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Eight as if fully set forth herein.

31. Under the implied warranty of good and workmanlike performance, defendant SWSC and SWSC's agents, servants, and employees were required to act in a good and workmanlike manner in investigating and attempting to clear the blocked sewer line on May 20, 2008.

32. Defendant SWSC, its agents, servants, and employees breached this implied warranty of good and workmanship performance when it:

 a) used water jetting equipment to attempt to clear the aforementioned oil and grease blockage instead of a more effective blockage-clearing equipment;

 b) failed to adequately train SWSC's agent, servants, or employees on the proper techniques necessary to successfully remove an oil and grease blockage from a sewer line;

c) improperly used water-jetting equipment and undermined the strength of the sewer pipe;

d) failed to remove the oil and grease blockage;

e) failed to collect and retain debris that might have been dislodged by the water-jetting process;

f) failed to investigate or confirm that the sewer line downstream was free and clear of blockages;

g) failed to inspect surrounding man-holes to determine if the level of the backed-up water continued to rise;

h) failed to remain at the site of the blockage to observe if the blockage was cleared; and

i) caused an overflow and release from a sanitary sewer system in violation of the Clean Water Act.

33. The aforementioned breach by defendant of the implied warranty of good workmanship in the investigation and attempted clearing of the sewer line directly and proximately caused a large amount of raw sewage to back-up into Plaintiff's store.

34. The aforementioned back-up of raw sewage significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Nine – Against Defendants John Doe #1-25
(Negligence)

1-30. Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Nine as if fully set forth herein.

31. Defendants John Doe #1-25 and their agents, servants, and employees owed a duty to Plaintiff to act reasonably and prudently, and to use reasonable care in the installation, operation, inspection, and maintenance of the Springfield sewer and water system.

32. Defendants John Doe #1-25, their agents, servants, and employees breached their duty to act reasonably when they:

     a)     failed to properly install the aforementioned sewer pipe;

     b)     failed to properly inspect the aforementioned sewer pipe;

     c)     failed to properly maintain the aforementioned sewer pipe; and

     d)     failed to remove the oil and grease blockage;

33.     The aforementioned failure of defendants to act in the installation, operation, inspection, and maintenance of the Springfield sewer and water system directly and proximately caused a large amount of raw sewage to back-up into Plaintiff's store.

34.     The aforementioned back-up of raw sewage significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Ten – Defendants John Doe #26-50
(Negligence)

1-30.     Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Ten as if fully set forth herein.

31.     At all times relevant hereto, defendants John Doe #26-50 owed a duty to plaintiff to act reasonably and prudently, and to use reasonable care, in the disposal of their waste oils and grease.

32.     Defendants John Doe #26-50 breached that duty to act reasonably when they:

     a)     failed to properly instruct their agents, servants, and employees regarding the correct method of waste oil and grease disposal;

     b)     failed to properly oversee their agents, servants, and employees in their disposal of waste oil and grease;

     c)     disposed of waste oil and grease from their facilities in a manner inconsistent with the Rules and Regulations of the SWSC;

     d)     disposed of waste oil and grease in a manner that resulted in the blockage of a main sewer line; and

    e)    caused an overflow and release from a sanitary sewer system in violation of the Clean Water Act.

33. The aforementioned failure of defendants John Doe #26-50 to act reasonably in properly and safely disposing of their waste oil and grease directly and proximately caused a large amount of raw sewage to back-up into Plaintiff's store.

34. The aforementioned back-up of raw sewage significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Eleven – Against Defendants John Doe #26-50
### (Nuisance)

1-30. Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Eleven as if fully set forth herein.

31. Defendants John Doe #26-50 created, permitted, and maintained an activity where they, their agents, servants, or employees negligently disposed of waste oil and grease into the public sewer system.

32. The aforementioned activity substantially and unreasonably interfered with Plaintiff's use and enjoyment of their property.

33. The aforementioned interference significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

### Count Twelve – Against Defendants John Doe #26-50
### (Trespass)

1-30. Paragraphs 1 through 30 are hereby incorporated as Paragraphs 1 through 30 of Count Twelve as if fully set forth herein.

31-32. Paragraphs 31 through 32 of Count Ten are hereby incorporated as Paragraphs 31 through 32 of Count Twelve as if fully set forth herein.

33. Plaintiff had actual possession of the property located at 1585 Boston Road, Springfield, Massachusetts.

34. Defendants John Doe #26-50's aforementioned negligence caused the entry of raw sewage water onto Plaintiff's property.

35. Defendants John Doe #26-50's entry on the property located at 1585 Boston Road, Springfield, Massachusetts was intentional and illegal.

36. The aforementioned back-up of raw sewage significantly damaged Plaintiff's building and inventory, and required substantial cleanup and other associated costs.

WHEREFORE, the plaintiff seeks:

(a) Fair, just and reasonable money; and

(b) Such other relief as the Court may deem appropriate.

Dated: May 19, 2011                              Respectfully submitted,

By: ___/s/ John E. O'Brien, Jr._____
Attorney for the Plaintiff

John E. O'Brien, Jr.
Robinson & Cole, LLP
One Boston Place
Boston, MA 02108
Telephone: (617) 557-5926
Facsimile: (617) 557-5999
Email: jobrien@rc.com